NSK LTD., NSK CORP., KOYO SEIKO CO., LTD., KOYO CORP. OF U.S.A., NTN BEARING CORP. OF AMERICA, NTN CORP., AMERICAN NTN BEARING MANUFACTURING CORP., NTN DRIVESHAFT, INC., AND NTN-BOWER CORP., PLAINTIFFS AND DEFENDANT-INTERVENORS, AND NIPPON PILLOW BLOCK SALES CO. LTD. AND FYH BEARING UNITS USA INC., PLAINTIFFS *v.* UNITED STATES, DEFENDANT, AND TORRINGTON CO., DEFENDANT-INTERVENOR AND PLAINTIFF

Consolidated Court No. 97–02–00216

(Dated November 15, 2001)

## JUDGMENT

TSOUCALAS, *Senior Judge:* This Court having received and reviewed the United States Department of Commerce, International Trade Ad-

---

[13] T.D. 88–72 helped clarify the major changes instituted by Treasury Decision 84–213, 49 Fed. Reg. 41152 ("T.D. 84–213"). As explained in T.D. 88–72:

the Customs bond structure was extensively revised by [T.D. 84–213].

\* \* \* \* \* \* \*

A part of the foregoing involved incorporating specific bond conditions into Part 113. \* \* \* As a necessary part of this scheme, the bond conditions incorporated specific consequences of default provisions for failure to comply with the substantive requirements of the regulations and bond provisions.

\* \* \* \* \* \* \*

Since then Customs has been undertaking an ongoing review of the revised bond structure. From this review process, it was discovered that certain clarifications in Part 113 are necessary. This document [T.D. 88–72] amends the regulations concerning two of these clarifications. One clarification concerns instruments of international traffic and the other concerns the *joint and several liability of obligors of bonds.* (Emphasis added).

T.D. 88–72 at 45901 (emphasis added).

ministration's ("Commerce") *Final Results of Redetermination Pursuant to Court Remand* ("Remand Results"), *NSK Ltd. and NSK Corp. v. United States,* 2001 Ct. Intl. Trade LEXIS 76, Slip Op. 01–69 (CIT June 6, 2001) and Commerce having complied with the Court's remand, and no responses to the Remand Results having been submitted by the parties, it is hereby

ORDERED that the Remand Results filed by Commerce on September 4, 2001, are affirmed in their entirety; and it is further

ORDERED that since all other issues having been previously decided, this case is dismissed.